IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| T. LEE KETCHMARK,<br><br>Plaintiff,<br><br>vs.<br><br><br>BARACK OBAMA; LINDA LINGLE; MUFI HANNEMANN; NEIL ABERCROMBIE; and PETER CARLISLE,<br><br>Defendants. | CV. NO. 10-00725 DAE-LEK |

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

On December 9, 2010, Plaintiff T. Lee Ketchmark ("Plaintiff"), proceeding pro se, commenced the instant action and filed an Application to Proceed In Forma Pauperis ("IFP Application").

DISCUSSION

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the

costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or that the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the

deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

Although Rule 8 of the Federal Rules of Civil Procedure does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172, 1172 (9th Cir. 1996). The Court does not bear the responsibility of

reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

The Court has reviewed Plaintiff's incoherent 22-count Complaint, which requests more than $2.5 billion in damages and attorneys fees, and concludes that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted. Even construing Plaintiff's Complaint liberally, Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), it is unintelligible and fails to provide a short plain statement of Plaintiff's claims for relief. See Fed. R. Civ. P. 8(a).

Accordingly, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915. See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327) (stating that the in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

Insofar as the Court is dismissing the Complaint because it fails to state a claim upon which relief may be granted, Plaintiff's IFP Application is denied. Plaintiff is granted leave to file an amended complaint by January 29,

2011. Any amended complaint must clearly and plainly state the relief sought and the factual basis demonstrating that Plaintiff is entitled to relief. Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, if Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's IFP Application (Doc. # 4) and DISMISSES the Complaint with leave to amend. By January 29, 2011, Plaintiff must:

(1) File a first amended complaint; and

(2) Either file an amended application to proceed in forma pauperis or pay the appropriate filing fee.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 29, 2010.

David Alan Ezra
United States District Judge

Ketchmark v. Obama et al., Cv. No. 10-00725 DAE-LEK; ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND