IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| T. LEE KETCHMARK,<br><br>Plaintiff,<br><br>vs.<br><br><br>BARACK OBAMA; LINDA LINGLE; MUFI HANNEMANN; NEIL ABERCROMBIE; and PETER CARLISLE,<br><br>Defendants. | CV. NO. 10-00725 DAE-LEK |

ORDER: (1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. On December 9, 2010, Plaintiff T. Lee Ketchmark ("Plaintiff"), proceeding pro se, commenced the instant action by filing a Complaint and an application to proceed in forma pauperis. (Docs. ## 1, 4.) On December 30, 2010, the Court denied Plaintiff's application to proceed in forma pauperis and dismissed the Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 8 for failure to state a claim upon which relief may be granted. ("Order," Doc. # 6.) The Court gave Plaintiff leave to file a first amended complaint, and to

file an amended application to proceed in forma pauperis or to pay the appropriate filing fee, on or before January 29, 2011. (Id.) On January 6, 2011, Plaintiff filed a document entitled "1st Amended Complaint," which also includes Plaintiff's amended application to proceed in forma pauperis. ("FAC," Doc. # 7.)

## DISCUSSION

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or that the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations

omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172, 1172 (9th Cir. 1996). The Court does not bear the responsibility of reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

Here, Plaintiff's First Amended Complaint consists entirely of Plaintiff's amended application to proceed in forma pauperis as well as the following paragraph handwritten below Plaintiff's signature:

> 1st Amended Complaint: Same as original complaint except add: Jan. 1, 2011 Count #1 Negligence; Stalling; Violation of: 1. Rights to Privacy and 2. Freedom of my Religion. Consultations: Teaching U.S. Constitutional Law & Civil Right[s] Bible Law[.]

(FAC at 2.)

The Court cautioned Plaintiff in its Order dismissing the original Complaint that pursuant to Local Rule 10.3 "'any party filing . . . an amended

complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.'" (Order at 5 (quoting Local Rule 10.3).) Despite this instruction, Plaintiff did not set forth any claims in the First Amended Complaint other than those that Plaintiff wished to "add" to the original Complaint. Plaintiff may not correct the deficiencies in the original Complaint merely by adding claims and allegations in a First Amended Complaint. Rather, Plaintiff must set forth the entirety of the claims alleged, as well as the factual and legal basis underlying those claims, in one complaint, and that complaint must satisfy the requirements of Rule 8.

Taken alone, the allegations in the First Amended Complaint are insufficient to satisfy Rule 8 because they provide neither the statutory authority relied upon nor the factual scenario that led to the purported violations. Even if the Court were to construe the allegations in the First Amended Complaint in connection with the original Complaint, the First Amended Complaint still fails to satisfy Rule 8 because the additional allegations do not address any of the deficiencies in the original Complaint. As the Court stated in its prior Order, even giving the allegations in the original Complaint a liberal interpretation, Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), they were nonetheless "unintelligible and fail[ed] to provide a

short plain statement of Plaintiff's claims for relief." (Order at 4 (citing Fed. R. Civ. P. 8(a)).) As noted, the First Amended Complaint does not shed any light on Plaintiff's claims and allegations. To the contrary, it adds additional claims that are similarly unsupported by a proper factual or legal basis.[1]

Accordingly, the Court dismisses the First Amended Complaint and denies without prejudice Plaintiff's application to proceed in forma pauperis. Insofar as Plaintiff made efforts to comply with the Court's Order, and because Plaintiff is proceeding pro se, the Court finds it appropriate to grant one additional opportunity to amend the deficiencies identified above. Plaintiff is granted leave to file a second amended complaint on or before February 18, 2011. Any amended complaint must clearly and plainly state the relief sought and the factual basis demonstrating that Plaintiff is entitled to relief. As stated above, Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." As a general rule, an amended complaint supersedes the original complaint. See

[1] On January 10, 2011, Plaintiff submitted a "settlement offer" to the Court. Aside from the fact that no complaint exists in this action, and Plaintiff therefore cannot receive a settlement in this lawsuit, the Court is not permitted to enter into settlements on behalf of the parties. The Court therefore disregards this purported settlement offer.

Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, if Plaintiff files a second amended complaint, the original Complaint and the First Amended Complaint no longer serve any function in the case.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's application to proceed in forma pauperis and DISMISSES the First Amended Complaint with leave to amend. (Doc. # 7.) Plaintiff must file a second amended complaint and either file an amended application to proceed in forma pauperis or pay the appropriate filing fee on or before February 18, 2011.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 18, 2011.

David Alan Ezra
United States District Judge

Ketchmark v. Obama et al., Cv. No. 10-00725 DAE-LEK; ORDER:
(1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS;
(2) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND